```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

DAVID L. MURRAY,

        Plaintiff,

   v.                              Civil No. 22-cv-812 (NLH/AMD)

MICHAEL R. OSTROWSKI, et al.,    **MEMORANDUM OPINION & ORDER**

        Defendants.

**APPEARANCES:**

DAVID L. MURRAY
1325 WEYMOUTH ROAD
VINELAND, NJ 08360

   *Plaintiff appearing pro se*

JUSTINE M. LONGA
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET - P.O. BOX 116
TRENTON, NJ 08625

   *On behalf of Defendants Michael R. Ostrowski, Allison E.*
   *Accurso, and Catherine I. Enright*

DAVID A. AVEDISSIAN
DAVID A. AVEDISSIAN LLC
135 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033

   *On behalf of Defendant David R. Nussey*

DOROTHY M. RODRIGUEZ
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET - P.O. BOX 112
TRENTON, NJ 08625

   *On behalf of Defendant New Jersey Office of Attorney*
   *General*

**HILLMAN**, District Judge

This matter comes before the Court by way of various filings and motions of *pro se* Plaintiff David L. Murray in an action regarding a previously unsuccessful custody battle over his son.

The docket includes the following unresolved motions[1]: (1) Plaintiff's Motions for Default [Dkt. Nos. 16 and 19] against alleged Defendants Battaglia, Bunn, Deloatch, Doaman, Oscar, Jespersen, and the NJAG; (2) Plaintiff's Motion to Enter Petition to Vacate Judge Ostrowski's February 14, 2020 and April 16, 2020 Orders [Dkt. No. 26]; (3) Defendant NJAG's Motion to Set Aside Default [Dkt. No. 23]; Defendant Nussey's Motion to Dismiss [Dkt. No. 13]; the NJAG's Motion to Dismiss [Dkt. No. 22]; Allison E. Accurso, Catherine I. Enright, and Michael R.

---

[1] The Docket also contains several letters from Plaintiff requesting certain relief; for example: (1) a February 22, 2022 Letter [Docket Number 6] requesting permission to file an amended complaint; (2) a March 23, 2022 Letter [Dkt. No. 14] containing multiple requests, including that the Clerk enter default against alleged Defendants Ashley Battaglia, Lauren K. Bunn, Keith Deloatch, Michalle Doaman, Kayla Oscar, Craig Jespersen, and the New Jersey Office of the Attorney General, Division of State Police ("NJAG"); as well as requesting an extension of time to respond to Defendant David Ryan Nussey's Motion to Dismiss and for the Court to order discovery from the Superior Court of New Jersey, Salem County; and (3) an April 13, 2022 Letter [Dkt. No. 29] requesting permission to file an overlength brief in opposition to the pending motions to dismiss.  As Judge Donio explained in her Order of March 30, 2022, Plaintiff must proceed by motion and not by letter when seeking affirmative relief from the Court. [Dkt. No. 20].

2

Ostrowski's Motion to Dismiss [Dkt. No. 24]; Plaintiff's cross-motion to "vacate, enter default hearing, to assign any family court matters to a different vicinage, to vacate the N.J. appellate opinion, to amend complaint and invoke the 14th amendment due process, to refer matter to N.J. U.S. Attorney office for criminal investigation [Dkt. No. 31]; Defendants Ashley Battaglia, Lauren K. Bunn, Keith Deloatch, Michelle Doaman, Craig Jespersen, and Kayla Oscar's Motion to Set Aside Default [Dkt. No. 36]; and Defendants Battaglia, Bunn, Deloatch, Doaman, Jespersen, and Oscar's Motion to Dismiss [Dkt. No. 37].

Most of the above motions are unopposed at this time.[2] For the reasons stated herein, this Court will afford Plaintiff the opportunity to file an amended complaint to cure the deficiencies described below. In addition, the Court will deny Defendants' Motions to Dismiss without prejudice as well as Plaintiff's cross-motion, vacate the Clerk's entry of Default, deny Plaintiff's Motions for Default, grant Defendants' Motions to Set Aside Default, and deny Plaintiff's Motion to Enter Petition to Vacate Judge Ostrowski's February 14, 2020 and April 16, 2020 Orders without prejudice.

---

[2] The only opposition presented is Defendants Accurso, Enright, and Ostrowski's Opposition [Dkt. No. 30] to Plaintiff's Motion to Vacate and Plaintiff's cross-motion [Dkt. No. 31] filed in opposition to some of the Motions to Dismiss.

**BACKGROUND**

This Court takes its facts from Plaintiff's Complaint, [Dkt. No. 1], and the NJAG's brief in support of its pending Motion to Dismiss where those additional facts appear to be matters of public record [Dkt. No. 22-1]. The action's underlying facts concern prior child custody proceedings in the Superior Court of New Jersey, Chancery and Appellate Divisions. Plaintiff avers these proceedings present actionable claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.[3] Plaintiff filed a Complaint on February

---

[3] Although Plaintiff's Complaint asserts numerous federal statutes as bases for federal question jurisdiction, only 18 U.S.C. § 1983 provides a basis for a civil action such as the instant matter. Specifically, the other named (criminal) statutes do not concern private causes of action for a civil complaint. See Complaint, [Dkt. No. 1], at 3 (asserting federal question jurisdiction based on 18 U.S.C. § 2258 - Failure to report child abuse; 18 U.S.C. § 4 – Misprision of felony; 18 U.S.C. § 242 – Deprivation of rights under color of law; 18 U.S.C. § 1169  - Reporting Child Abuse; 18 U.S.C. § 1503 – Influencing or injuring an officer or juror; 18 U.S.C. § 1505 – Obstructing of proceedings before departments, agencies, and committees; 18 U.S.C. § 1506 – Theft or alteration of record or process; false bail; 18 U.S.C. § 1509 – Obstruction of court orders; 18 U.S.C. § 1510 – Obstruction of criminal investigations). Moreover, Federal Rule of Civil Procedure 44, like all Federal Rules, is not a basis for federal question jurisdiction.

Without assessing the merits of whether Plaintiff presents an actionable cause of action under federal question jurisdiction, as Defendants assert in their motions to dismiss, because Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction to at least correct service and correct the Docket.

4

14, 2022. To date, no amended complaint has been filed on the docket or has been accepted by the Court. Thus, the operative pleading is Plaintiff's Complaint [Dkt. No. 1].

On February 16, 2022, the Clerk of the Court issued Summons against Defendants Accurso, Battaglia, Bunn, Deloatch, Enright, Jespersen, the NJAG, Nussey, Oscar, and Ostrowski. In a Letter dated February 18, 2022, [Dkt. No. 7], Plaintiff wrote to the Court for permission to file an amended complaint. Plaintiff's letter specifically noted that he had not sent out the summons as of his letter, as he "decided to wait to hear back from [the Court] before [he] sen[t] out [the] summons." Id. Plaintiff's letter further noted, that if the Court granted the requested amendment, then he also sought additional time to serve the summons with the amended complaint. Id. Plaintiff's Letter did not include a proposed amended complaint or any documents beyond the underlying letter.

On February 22, 2022, Plaintiff submitted another Letter [Dkt. No. 6], noting he failed to include a page of the proposed amended complaint in the February 18, 2022 Letter. Plaintiff's February 22, 2022 Letter includes a proposed amended "Relief" page to the proposed amended complaint, but no other pages. Id. Plaintiff's February 22, 2022 Letter ends by noting again he will wait to send out the summons until he hears back from the Court and thus requests an extension of time to serve the

5

summonses. Id.

On March 3, 2022, this case was reassigned to the undersigned by way of an Order of the Chief Judge. [Dkt. No. 9]. On March 9, 2022, Plaintiff filed a Letter [Dkt. No. 10], noting he served his proposed amended complaint (which purportedly included amendments only to the final page) and summons on the Defendants.

On March 21, 2022, Defendant Nussey filed his first motion to dismiss. Motion to Dismiss, [Dkt. No. 13]. On March 23, 2022, Plaintiff filed a Letter [Dkt. No. 14], requesting: (1) the Clerk of the Court enter default judgment against Defendants Battaglia, Bunn, Deloatch, Doaman, Oscar, Jespersen, and the NJAG; (2) additional time to respond to Nussey's Motion to Dismiss; and (3) that the Court order discovery from the Superior Court of New Jersey, Salem County.[4]  Interpreting Plaintiff's submission as requesting an entry of default, the next day, on March 23, 2022, the Clerk of the Court entered default against Defendants Battaglia, Bunn, Deloatch, Doaman, Jespersen, the NJAG, and Oscar. [Dkt. No. 15].  The Clerk also issued a quality control message, informing Plaintiff that a

---

[4] Plaintiff submitted subsequent letters and motions demanding discovery. See Letter and Motion for Discovery, [Dkt. Nos. 17 and 18].  Magistrate Judge Donio addressed these requests, denying his motion for discovery and explaining the proper procedure Plaintiff must adhere to if he seeks to obtain discovery or other relief from the Court. [Dkt. No. 20].

6

"request for default judgment must be filed as a motion." Thereafter, perhaps out of confusion with the Clerk's instructions or under a misapprehension of the correct procedure to obtain default and a subsequent default judgment, Plaintiff filed two motions for default[5] against Defendants Battaglia, Bunn, Deloatch, Doaman, Jespersen, the NJAG, and Oscar.[6]  See Motions for Default, [Dkt. Nos. 16 and 19].

On March 31, 2022, the NJAG filed a Motion to Dismiss and a Motion to Set Aside Default, [Dkt. Nos. 22 and 23 respectively]. Defendants Accurso, Enright, and Ostrowski filed a Motion to Dismiss on April 1, 2022. [Dkt. No. 24].

On April 8, 2022, Plaintiff filed a Motion to Enter a Petition to Vacate Judge Ostrowski's February 14, 2020 and April 16, 2020 Orders, [Dkt. No. 26]; and filed a Letter [Dkt. No. 29] on April 13, 2022, requesting an additional ten pages to respond to the Defendants' motions to dismiss, noting there are "11 named defendants."  On April 18, 2022, Plaintiff filed a single

---

[5] Plaintiff's second Motion for Default, [Dkt. No. 19], does not specify which Defendants he requests default against.

[6] As a simple explanation, it was redundant for Plaintiff to move for default since the Clerk of the Court had already entered default pursuant to Rule 55(a).  Rather, once default was entered, it was only procedurally proper for Plaintiff to instead move for default judgment pursuant to Rule 55(b).  Given Plaintiff's apparent confusion, it is possible that Plaintiff meant for his motions to request default judgment, but this has no bearing on the Court's ruling as the motions must be denied regardless of the requested relief.

7

filing in opposition to all of the motions to dismiss and cross-moved for the following requests: (1) to Vacate Judge Ostrowski's February 14, 2020 and April 16, 2020 Orders and Judgments; (2) for a Default Hearing; (3) for an Order Assigning Any Further Family Court Matters to a Different Vicinage; (4) to Petition to Vacate the N.J. Appellate Division Opinion; (5) to Amend the Complaint and "Invoke the 14th Amendment Due Process"; and (6) to Refer this Matter to the N.J. U.S. Attorney's Office for Criminal Investigation.  [Dkt. No. 31].

On April 22, 2022, Defendants Battaglia, Bunn, Deloatch, Doaman, Jespersen, and Oscar filed a Motion to Set Aside Default [Dkt. No. 36] and a Motion to Dismiss [Dkt. No. 37].

## DISCUSSION

As a preliminary matter, before addressing the merits of the parties' motions,[7] the Court notes there are several determinative issues the Court must resolve first.  Upon close inspection of the present record, the Court finds there is a disconnect between what was filed on the docket and what Plaintiff meant to present and very likely what he served on the Defendants.  Distilled down to the most basic level, for the

---

[7] Before addressing certain motions, such as a motion for default judgment, courts "must *sua sponte* ensure that an exercise of personal jurisdiction over each defaulting defendant is proper." Mark IV Transp. & Logistics v. Lighting Logistics, Inc., 705 F. App'x 103, 108 (3d Cir. 2017).

8

Court to proceed in ruling, it must first address two questions: (1) what is in fact the operative pleading, and (2) did Plaintiff serve the operative pleading with summons on Defendants.

These questions ultimately impact whether the Court may exercise personal jurisdiction over the Defendants, which is an issue the Court must resolve before addressing the motions. See Apollo Techs. Corp. v. Centrosphere Indus. Corp., 805 F. Supp. 1157, 1187 (3d Cir. 1992) ("[B]efore a court exercises personal jurisdiction over a defendant, the procedural requirement of service of a summons [with a copy of the complaint] must be satisfied."); see also Witasick v. Estes, Civ. No. 11-cv-3895 (NLH/JS), 2012 WL 3075988, at *2 (D.N.J. July 30, 2012) ("failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case") (quoting Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996)).

Turning to the first question, the record demonstrates that the original Complaint [Dkt. No. 1] is the operative pleading. Despite submitting requests to file an amended complaint,[8] see

---

[8] As it was never presented as a motion, the Court never issued a ruling granting or denying Plaintiff's request to file an amended complaint and it is not clear one was even needed at the time given that Plaintiff had not yet served the first complaint. See Fed. R. Civ. P. 15(a)(1). In any event as explained infra, Plaintiff never provided the Court with a

9

the February 18, 2022 Letter and the February 22, 2022 Letter [Dkt. Nos. 6 and 7 respectively], Plaintiff never actually filed an amended complaint with the Court.  Either Plaintiff forgot to include the amended pleading with his February 18, 2022 and February 22, 2022 Letters, or he simply failed to attach the document, including only a lone page concerning the "Relief" section from his proposed amended complaint.  If Plaintiff meant to only submit this single page as his amendment to the original complaint assuming the two documents could be read together, this is not an acceptable practice as an amended pleading must be complete in and of itself.

    Pursuant to Rule 8(a), "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]"  In short, to present an amended complaint, Plaintiff is required to submit a complete pleading that includes all of the pages and information necessary to make the complaint a holistic document capable of existing on its own as a pleading and where leave of Court is

---

complete copy of the amended pleading but apparently proceeded to serve it muddying the procedural waters.  As concerns future requests to amend, Plaintiff is advised to review the Federal Rules of Civil Procedure and our Local Civil Rules as they direct the proper process for amendments to the pleadings – as is suggested in Judge Donio's Order, [Dkt. No. 20], at 3 n.2.

required to file a formal motion that comports with the Federal Civil Rules of Procedure and the Court's local rules. Therefore, because the proposed amended complaint's lone page on relief does not satisfy Rule 8 and Plaintiff never filed a proposed amended complaint in its entirety, the original Complaint remains the operative pleading.

Before turning to the next question as to which pleading Plaintiff served on Defendants, in reviewing the Complaint, the Court finds Plaintiff failed to properly identify which Defendants are parties to this action.  Specifically, Plaintiff contends there are eleven Defendants,[9] ostensibly: (1) Accurso, (2) Battaglia, (3) Bunn, (4) Deloatch, (5) Doaman, (6) Enright, (7) Jespersen, (8) the NJAG, (9) Nussey, (10) Oscar, and (11) Ostrowski, yet the Complaint only names Battaglia, the NJAG, Nussey, and Ostrowski (collectively the "four properly named defendants").  Complaint, [Dkt. No. 1], at 1-3.  In addition to the four properly named defendants, the Complaint's caption lists Accurso, Enright, Jespersen, and Oscar as Defendants.  The record also shows that Plaintiff sought to name Bunn, Deloatch, and Doaman.  However, these seven[10] individuals are not

---

[9] Plaintiff's April 13, 2022 Letter, [Dkt. No. 29], states, "I have 11 named defendants."

[10] Accurso, Bunn, Deloatch, Doaman, Enright, Jespersen, and Oscar.

11

specifically named in the Complaint.  Plaintiff does not list them under the party section or provide their names and addresses in such a way as to plainly identify them as parties.  Plaintiff acknowledges this pleading deficiency and attempts to work around actually naming these individuals in the Complaint by including a hand-signed page, stating "Additional Name [sic] Defendants are according to Summons by name and address."  This hand-signed page is not an acceptable naming convention for a defendant in a pleading.  Local Civil Rule 10.1 expressly requires that:

> The initial pleading ... filed in any cause other than criminal actions in this Court shall state in the first paragraph the street and post office address of each named party to the case or, if the party is not a natural person, the address of its principal place of business.  If a pleading ... submitted for filing in a case does not contain the street and post office address of counsel, their client(s) or unrepresented parties, it may be stricken by the Clerk and returned to the submitting party by the Clerk unless a statement why the client's address cannot be provided at this time is presented.

Accordingly, Accurso, Bunn, Deloatch, Doaman, Enright, Jespersen, and Oscar are incorrectly named, making them non-parties in this action.  Plaintiff's proposed amended complaint suffers from the same malady.

  Second, and dispositively, there remains the question of whether Plaintiff served Defendants with summons and the

operative pleading. The Court finds Plaintiff did not. Plaintiff served summons to Defendants with a copy of the proposed amended complaint. See March 9, 2022 Letter, [Dkt. No. 10] (admitting "I did send out several summons to named Defendants ... [w]ithin the Summons was my revised complaint, the 'relief' portion of my complaint was the only part of my complaint amended").

Under Rule 4(c)(1), summons must be served with a copy of the complaint, and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ...." Fed. R. Civ. P. 4(c)(1). Service, therefore, was not proper. Thus, service has not been effectuated for the Court to exercise personal jurisdiction over Defendants, Apollo Techs. Corp., 805 F. Supp. at 1187, as it relates to the complaint filed on the docket.

In light of this disconnect between what is required by our Court rules and what was filed on the docket and what was served, a "do over" is required so that the matter proceeds in the correct procedural order. In light of Plaintiff's *pro se* status and to avoid further delay, the Court will resolve the present motions by first affording Plaintiff with the opportunity to file an amended complaint. Plaintiff's amended complaint must cure the deficiencies discussed above regarding Rule 8(a) and Local Civil Rule 10.1, meaning the complaint must

13

specifically name each and every defendant that Plaintiff asserts claims against and the complaint must be a complete, comprehensive document.  Next, Plaintiff shall serve the amended complaint to Defendants in compliance with Rule 4.  Plaintiff's amended complaint will supersede any prior complaint and render the motions to dismiss and any attendant responses and replies moot.  See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002).

Given the fundamental issues identified above and the Court's decision to grant Plaintiff the opportunity file an amended complaint curing these issues, the Court must also vacate the Clerk's Entry of Default, deny Plaintiff's Motions for Default, and grant Defendants' Motions to Set Aside Default.[11]  Likewise, because of the above issues and leave to

---

[11] "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "A decision to set aside an entry of default ... 'is left primarily to the discretion of the district court.'" Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)).  Here, the record plainly shows that the entry of default was improper due to the procedural errors discussed above.  Moreover, the Court finds good cause because: (1) the Defendants' delay in responding to the complaint was reasonable and excusable since service was improper; (2) the record plainly shows that Defendants is likely to have valid defenses to some or all of Plaintiff's claims; and (3) Plaintiff will not be prejudiced by the Court's ruling vacating default because default was improperly granted and he is afforded time to file an amended complaint and serve Defendants.  See Muhammad v. Mack, Civ. No. 18-3452 (NLH/AMD), 2019 WL 1331633, at *2 (D.N.J. Mar. 25, 2019) (noting that courts' good cause analysis to vacate default "must consider three factors: '(1) prejudice to

file a curative amended complaint, the other pending requests and motions must also be denied.

THEREFORE,

IT IS on this  26th  day of  April , 2022

ORDERED that Plaintiff shall file an amended complaint on the Docket within twenty-one (21) days from the date of this Memorandum Opinion & Order.  The amended complaint must cure the deficiencies described above in the Court's ruling.  The amended complaint will then operate as the operative pleading; and it is further

ORDERED that Plaintiff will be afforded sixty (60) days to effectuate service on Defendants.  The sixty (60) day deadline begins on the day he files the amended complaint on the Docket; and it is further

ORDERED that Defendant Nussey's Motion to Dismiss [Dkt. No. 13], Defendants Accurso, Enright, and Ostrowski's Motion to Dismiss [Dkt. No. 24], the NJAG's Motion to Dismiss [Dkt. No. 22], Plaintiff's Opposition and Cross-Motions to the Motions to Dismiss [Dkt. No. 31], and Defendants Battaglia, Bunn, Deloatch, Doaman, Jespersen, and Oscar's Motion Dismiss [Dkt. No. 37] be, and the same hereby are, DENIED without prejudice as moot; and

---

the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct.'") (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).

it is further

  ORDERED that the Clerk of the Court's Entry of Default [Dkt. No. 15] be, and the same hereby is, VACATED; and it is further

  ORDERED that Defendant NJAG's Motion to Set Aside Default [Dkt. No. 23] and Defendants Battaglia, Bunn, Deloatch, Doaman, Jespersen, and Oscar's Motion to Set Aside Default [Dkt. No. 36] be, and the same hereby are, GRANTED; and it is further

  ORDERED that Plaintiff's Motions for Default [Dkt. Nos. 16 and 19] be, and the same hereby are, DENIED; and it is further

  ORDERED that Plaintiff's Motion to Enter a Petition to Vacate Judge Ostrowski's February 14, 2020 Order, [Dkt. No. 26] be, and the same hereby is, DENIED without prejudice; and it is further

  ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

               s/ Noel L. Hillman  
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.