UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID L. MURRAY,<br><br>     Plaintiff,<br>v.<br><br>MICHAEL R. OSTROWSKI, et al.,<br><br>     Defendants. | Civil No. 22-812 (NLH/AMD)<br><br><br>**Memorandum Opinion and Order** |

Hillman, District Judge

     This matter having been brought before the Court by Motion

(ECF No. 55) styled by Plaintiff David L. Murray ("Murray" or

"Plaintiff") as: (1) "Notice of Motion to Request Permission for

Leave of the Court from Procedural Grounds for the Complaint to

be Heard Based on the Merits [Arguments of Facts and Evidence]";

(2) "Request for the Court to Temporarily Vacate Judge

Ostrowski's February 14th 2020 and April 16th 2020 [Orders] Until

the Complaint Can Be Heard"; and  (3) "Request [the] Court to

Order [New Jersey Division of Child Protection and Permanency,

"DCP&P"] to Reassess the Not Established Case"; and

     WHEREAS the Court construing Plaintiff's motion in the

sequence set forth above as one for an Order: (1) absolving

Plaintiff from any obligation to abide by the Federal Rules of

Civil Procedure and this Court's Local Civil Rules; (2)

temporarily vacating the Orders of a state judge entered in an

underlying New Jersey Superior Court matter; and (3) directing

the DCP&P to take certain administrative and investigatory

steps; and

WHEREAS, taking up the motion in the Order set forth above;

and

WHEREAS, while "[in] determining the sufficiency of a pro

se complaint, the Court must be mindful to construe it [and

other pleadings] liberally in favor of the plaintiff, Haines v.

Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969

F.2d 39, 42 (3d Cir. 1992), nonetheless "[a]t the end of the

day, [pro se parties] cannot flout procedural rules — they must

abide by the same rules that apply to all other litigants." Mala

v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013); and

WHEREAS, Plaintiff's motion to be absolved of his

obligation to abide by the Federal Rules of Civil Procedure and

this Court's Local Civil Rules will be denied; and

WHEREAS, a temporary or preliminary injunction "is an

extraordinary remedy . . . which should be granted only in

limited circumstances."  Holland v. Rosen, 895 F.3d 272, 285-86

(3d Cir. 2018) (cleaned up); and

WHEREAS, a temporary or preliminary injunction should not

be issued "unless the movant, by a clear showing, carries the

burden of persuasion", id., by demonstrating: (1) a reasonable

likelihood of success on the merits; (2) irreparable harm to the

2

applicant; (3) whether the denial of a preliminary injunction would injure the moving party more than the issuance of an injunction would harm the non-moving party; and (4) whether the grant of relief would serve the public interest, id.; and

WHEREAS, "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017) (citations omitted); and

WHEREAS, Plaintiff's motion lacks merit, and will therefore be denied, because it fails to demonstrate: a) how state court orders entered two to three years ago present such an immediate threat of irreparable harm so as to warrant emergency relief, see Doe v. Banos, 713 F. Supp. 2d 404 (D.N.J. 2010), and b) a likelihood of success on the merits in light of the certainty of substantial defenses by the Defendants in this matter, including judicial immunity and abstention doctrines, see e.g., Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (precluding suit by state court losing party seeking in essence appellate review by federal court of adverse judgment in state court); and

WHEREAS, the remainder of Plaintiff's motion seeks in essence an adjudication on the merits (i.e., an award of summary judgment) on his claim that DCP&P failed to include and consider certain materials during an investigation and seeking as relief a reinvestigation (ECF 55-1 at 10); and

WHEREAS, after Plaintiff filed the instant motion, he sought (ECF No. 57) and obtained (ECF No. 70) leave to file a Third Amended Complaint (ECF No. 72) and the answer or other responsive pleading to which is not due from the Defendants until March 21, 2023 rendering an application for summary judgment premature and unripe;

WHEREAS, any application by Plaintiff for an adjudication on the merits or for any remedies sought will be therefore be denied without prejudice; and

WHEREAS, it appears from a review of the docket that the Clerk, out of an abundance of caution, placed under temporary seal the entirety of Plaintiff's instant motion including the motion itself (ECF No. 55), Plaintiff's asserted justification for the motion combined with Exhibit A to the motion (ECF No. 55-1) and Exhibit B to the Motion (ECF No. 55-2) even though accompanying correspondence from the Plaintiff indicates he only intended to seek sealing of Exhibit A and Exhibit B (ECF Nos. 54 and 54-3); and

WHEREAS, Plaintiff application to seal is procedurally improper in that it fails to meet the requirements of Local Civil Rule 5.3; and

WHEREAS, while the Court in this Memorandum Opinion and Order has ruled on Plaintiff's Motion (ECF No. 55), nonetheless, a version of Plaintiff's motion redacted to remove personal identifiers, medical records, other confidential and sensitive information including, but not limited to, those matters related to a minor child must be filed on the docket as well as a full unredacted version also placed on the record under seal; and

WHEREAS, in order to be in substantial compliance with Local Civil Rule 5.3, Plaintiff shall be directed, with the help of the CM/ECF Help Desk, to prepare and submit to the Clerk for filing two versions of his instant motion (ECF No. 55, 55-1 and 55-2); "Version A" shall be a full and unredacted copy of the motion and supporting materials which shall be placed under seal until further Order of the Court; "Version B" shall be copy of the same motion and supporting materials redacted by the Plaintiff to remove personal identifiers, medical records, and other confidential and sensitive information including, but not limited to, those matters related to a minor child;

THEREFORE, having considered Plaintiff's Motion (ECF No. 55), supporting materials, and for good cause and the reasons set forth above,

**IT IS** on this 6th day of March, 2023,

**ORDERED** that Plaintiff's Motion (ECF No. 55) be, and the same hereby is, **DENIED** to the extent he seeks to be absolved of his obligation to abide by the Federal Rules of Civil Procedure and this Court's Local Civil Rules; and is further

**ORDERED** that Plaintiff's Motion (ECF No. 55) be, and the same hereby is, **DENIED** to the extent it seeks temporary or preliminary injunctive relief vacating any Order or Orders of the state judges presiding over the underlying New Jersey Superior Court matter in which Plaintiff is a party; and it is further

**ORDERED** that Plaintiff's Motion (ECF No. 55) be, and the same hereby is, **DENIED WITHOUT PREJUDICE** as unripe and premature to the extent its seeks summary judgment, an adjudication on the merits at this time, and the requested relief against the New Jersey Division of Child Protection and Permanency; and it further

**ORDERED** that, within 30 days of this ORDER, Plaintiff shall, with the help of the CM/ECF Help Desk, prepare and submit to the Clerk for filing two versions of his instant motion (ECF No. 55, 55-1 and 55-2); "Version A" shall be a full and unredacted copy of the motion and supporting materials which shall be placed by the Clerk under seal until further Order of the Court; "Version B" shall be copy of the same motion and

supporting materials redacted by the Plaintiff to remove

personal identifiers, medical records, and other confidential

and sensitive information including, but not limited to, those

matters related to a minor child, Version B to be placed by the

Clerk on the Public Docket; and it is further

     **ORDERED** that a copy of this Order by sent to the Plaintiff

by regular mail to his address on the Docket.

At Camden, New Jersey         /s/ Noel L. Hillman
                                    Noel L. Hillman, U.S.D.J.