UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID L. MURRAY

       *Plaintiff,*

   v.

MICHAEL R. OSTROWSKI,
Family Court Judge;
DAVID RYAN NUSSEY,
Attorney; ASHLEY BATTAGLIA,
Salem County DCP&P Case
Worker; ALLISON E. ACCURSO,
Appellate Judge; CATHERINE I.
ENRIGHT, Appellate Judge;
KAYLA OSCAR, Salem County
DCP&P Case Worker; CRAIG
JESPERSEN, Salem County DCP&P
Case Worker; LAUREN K. BUNN,
Salem County DCP&P
Supervisor; MICHELLE DOAMAN,
Salem County DCP&P
Supervisor; KEITH DELOATCH,
Salem County DCP&P
Supervisor; and, EDWARD RYER

       *Defendants.*

1:22-cv-00812-NLH-AMD

**OPINION & ORDER**

**APPEARANCES**:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

       *Plaintiff appearing Pro Se*

Angela Cifelli, Esq.
Office of the Attorney General of New Jersey
25 Market Street
P.O. Box 116
Trenton, NJ 08625

       *Representing Defendants Ostrowski and Enright*

```
David A. Avedissian, Esq.
135 Kings Highway East
Haddonfield, NJ 08033
```

*Representing Defendant Nussey*

```
Thai Nguyen, Esq.
Office Of The Attorney General
Division Of Law
25 Market Street
Trenton, NJ 21144
```

*Representing Defendants Battaglia, Oscar, Jespersen, Bunn, Doaman and DeLoatch*

**HILLMAN**, District Judge

WHEREAS, on February 16, 2022, Plaintiff filed a Complaint against Defendants under Section 1983 for damages he alleges to have sustained from underlying custody litigation (ECF No. 1); and

WHEREAS, since that time, Plaintiff has amended his Complaint twice (ECF Nos. 44, 72); and

WHEREAS, Plaintiff has repeatedly failed to properly serve Defendants with his Complaints (ECF Nos. 40, 47, 70, 80); and

WHEREAS, Plaintiff has repeatedly sought default judgments against Defendants who were improperly served or Defendants who properly responded to Plaintiff's Complaint by means of a Motion to Dismiss (ECF Nos. 14, 16, 65); and

WHEREAS, on numerous occasions, Plaintiff has been directed by the court to serve Defendants in accordance with applicable

Rules of Civil Procedure (ECF No. 3 at 3) ("If you are not proceeding in forma pauperis and have paid the filing fee, the Clerk's Office will issue summonses to you, and you will be responsible for serving the defendants in the case in the manner and time described in Federal Rule of Civil Procedure 4. Please note that Federal Rule of Civil Procedure 4(i) governs the service of the United States, its agencies, corporations, officers, and employees."); see also ECF Nos. 40, 47, 70; and

WHEREAS, on March 6, 2023, Plaintiff was again reminded by this Court that as a pro se litigant, he cannot flout procedural rules, and is not absolved of his obligation to abide by the Federal Rules of Civil Procedure and this Court's Local Civil Rules (ECF No. 75 at 2); and

WHEREAS, on March 16, 2023, Defendants Accurso, Enright and Ostrowski timely filed a Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 76); and

WHEREAS, on March 21, 2023, Defendants Battaglia, Bunn, DeLoatch, Doaman, Jespersen and Oscar timely filed a Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 78); and

WHEREAS, on March 22, 2023, Plaintiff filed a "Certification for Proof of Service" (ECF No. 80), in which he provided copies of U.S. Postal Service Certified Mail Receipts showing his Third Amended Complaint had been mailed but failed to provide copies of the signed green cards to demonstrate said

3

Complaint had been received (ECF No. 80); and

WHEREAS, on April 12, 2023, Plaintiff filed yet another Motion for Entry of Default Judgment (ECF No. 85); and

WHEREAS, "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)); and

WHEREAS, "[t]he entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable.'" Id. (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)); and

WHEREAS, when assessing a motion for default judgment, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., Civil No. 11-7137, 2012 U.S. Dist. LEXIS 102652, at *5 (D.N.J. July 24, 2012); and

WHEREAS, Defendants Accurso, Enright, Ostrowski, Battaglia, Bunn, DeLoatch, Doaman, Jespersen and Oscar have waived service

4

by reason of their filing of motions to dismiss (ECF Nos. 76, 78); and

WHEREAS, Plaintiff's most recent "Certification for Proof of Service" (ECF No. 80) and Certification in Support of Motion for Default (ECF No. 89) do not demonstrate sufficient proof of service in compliance with pertinent Rules; and

WHEREAS, to date, Defendants Ryer and Nussey still have not been properly served (ECF Nos. 87, 91), thereby eliminating the need for any further Rule 55(b) analysis by this Court. <u>Teamsters Health & Welfare Fund of Phila. & Vicinity</u>, 2012 U.S. Dist. LEXIS 102652, at *5; and

WHEREAS, on May 12, 2023, Defendant Nussey nevertheless filed a Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 92), thereby waiving service; and

THEREFORE, it is on this 17th day of May, 2023,

**ORDERED** that Plaintiff's Motions for Entry of Default (ECF Nos. 85, 89) be, and the same hereby are, DENIED and it is further

**ORDERED** that within twenty-one (21) days of entry of this Order, Plaintiff properly effectuate service of his Third Amended Complaint upon Defendant Ryer in accordance with applicable Rules of Civil Procedure or risk dismissal of his claims against said Defendant; and it is further

**ORDERED** that on or before June 12, 2023, Plaintiff shall file his Responses to Defendants Accurso, Enright, Ostrowski, Battaglia, Bunn, DeLoatch, Doaman, Jespersen, Oscar and Nussey's respective motions to dismiss (ECF Nos. 76, 78, 92); and it is further

**ORDERED** that the Clerk of Court serve a copy of this Order upon Plaintiff via Regular Mail.

At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.