```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAVID L. MURRAY<br><br>    *Plaintiff*,<br><br>    v.<br><br>MICHAEL R. OSTROWSKI, et al.<br><br>    *Defendants*. | Civil No. 22-812 (NLH/AMD)<br><br>**Memorandum Opinion and Order** |

**APPEARANCES**:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

    *Plaintiff appearing Pro Se*

Angela Cifelli, Esq.
Office of the Attorney General of New Jersey
25 Market Street
P.O. Box 116
Trenton, NJ 08625

    *Representing Defendants Ostrowski, Accurso and Enright*

<u>Hillman</u>, District Judge

    WHEREAS, on February 16, 2022, Plaintiff filed a Complaint against Defendants for damages he alleges to have sustained from underlying custody litigation (ECF No. 1); and

    WHEREAS, since that time, Plaintiff has amended his Complaint twice (ECF Nos. 44, 72); and

WHEREAS, Plaintiff's current/Third Amended Complaint raises numerous claims under 42 U.S.C. § 1983 against Defendants Ostrowski, Accurso and Enright ("Judicial Defendants") for constitutional violations, as well as conspiracy and intentional infliction of emotional distress claims under State law; and

WHEREAS, Judicial Defendants have filed a Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 76) pursuant to Federal Rule of Civil Procedure 12(b)(1),(6); and

WHEREAS, in response, Plaintiff has filed a "Motion in Reply to the Defendants [sic] Crossmotion [sic]" (ECF No. 83); in which he primarily argues Defendant Ostrowski violated his rights by reason of the trial held on December 13, 2019 and the subsequent Order entered February 14, 2020, and that Defendants Enright and Accurso erred in affirming Judge Ostrowski's decisions; and

WHEREAS, Judicial Defendants raise numerous grounds in support of their motion, yet one renders the others moot: judicial immunity; and

WHEREAS, this Court recognizes:

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). See also Gallas

>   v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir.
>   2000) ("[I]mmunity will not be lost merely because the
>   judge's action is 'unfair' or controversial."].
>   "[Judicial] immunity is overcome in only two sets of
>   circumstances." Mireles, 502 U.S. at 11. "First, a
>   judge is not immune from liability for nonjudicial
>   acts, i.e., actions not taken in the judge's judicial
>   capacity." Id. "Second, a judge is not immune for
>   actions, though judicial in nature, taken in the
>   complete absence of all jurisdiction." Id. at 12.

Dean v. Lenart, No. 21-6315, 2022 U.S. Dist. LEXIS 108272, at *4-5 (June 17, 2022); see also Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."); Jenkins v. Young, Civil Action No. 13-2466, 2014 U.S. Dist. LEXIS 38823, at *11-12 (D.N.J. March 24, 2014) ("There are only two exceptions to the doctrine of judicial immunity. The first exception is where a judge engages in nonjudicial acts . . . The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction."]) (cleaned up); and

   WHEREAS, Plaintiff's Third Amended Complaint alleges, inter alia, that Defendant Ostrowski improperly managed his docket with regard to the scheduling of hearings, improperly admitted, excluded and assessed evidence, improperly assessed the demeanors of parties/witnesses; showed bias for one party over another; engaged in ex parte

communications with opposing counsel; issued improper Orders; committed conspiracy with all co-defendants to cover up child endangerment; and, committed intentional infliction of emotional distress upon Plaintiff by reason of the foregoing; (ECF No. 72, ¶¶ 22, 32, 36, 41, 49, 55, 63, 109, 114); and

WHEREAS, Plaintiff's Third Amended Complaint further alleges, inter alia, that Defendants Enright and Accurso acted in bad faith when assessing Plaintiff's appeal and committed conspiracy with all co-defendants in their assessment of the record, all in an effort to cover up child endangerment (ECF No. 72, ¶¶ 67, 109); and

WHEREAS, judicial immunity specifically applies in situations such as this, where "[the Family Court Judge] declined to give custody of [Plaintiff's] son or visitation rights to [Plaintiff] . . . and ordered him to pay attorneys [sic] fees" because ". . . the judge acted within his jurisdiction to preside over and decide . . . custody and child support matters pursuant to N.J.S.A. § 9:2-4." Kwasnik v. Leblon, 228 F. App'x 238, 243 (3d Cir. 2007). Further, "[t]he Justices of the New Jersey Superior Court and Supreme Court also acted within their respective jurisdictions in denying [Plaintiff's] appeal and his Petition for Certification." Id.; and

4

WHEREAS, the New Jersey appellate opinion affirming Judge Ostrowski's rulings in the underlying custody litigation speaks for itself. S.D. v. D.M., Docket Nos. FD-17-0587-11, A-3010-19, 2021 N.J. Super. Unpub. LEXIS 2496 (N.J. Super. Ct. App. Div. Oct. 15, 2021); and

WHEREAS, Plaintiff's Third Amended Complaint contains no allegations against any Judicial Defendant that he or she engaged in non-judicial acts or that any judicial actions were undertaken in the complete absence of jurisdiction. Jenkins, 2014 U.S. Dist. LEXIS 38823, at *11-12;

WHEREAS, because judicial immunity bars Plaintiff's federal claims, this Court, in the absence of federal question jurisdiction pursuant to 28 U.S.C. § 1331, will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Civil Conspiracy against all Judicial Defendants and Intentional Infliction of Emotional Distress against Defendant Ostrowski) under 28 U.S.C. § 1367.

THEREFORE, having considered Judicial Defendants' Motion to Dismiss (ECF No. 76), supporting materials, and for good cause and the reasons set forth above, **IT IS** on this 4th day of October 2023,

      **ORDERED** that Defendants' Motion (ECF No. 76) be, and the same hereby is, **GRANTED** in its entirety and Plaintiff's claims against said Defendants are **DISMISSED** with prejudice; and it is further

      **ORDERED** that a copy of this Order be sent to Plaintiff by regular mail to his address on the Docket.


At Camden, New Jersey        /s/ Noel L. Hillman
                                           Noel L. Hillman, U.S.D.J.