```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DAVID L. MURRAY

    *Plaintiff*,

      v.

MICHAEL R. OSTROWSKI, et al.

    *Defendants*.

Civil No. 22-812 (NLH/AMD)

**Memorandum Opinion and Order**

**APPEARANCES**:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

    *Plaintiff appearing Pro Se*

Thai Nguyen, Esq.
Office Of The Attorney General
Division Of Law
25 Market Street
Trenton, NJ 21144

    *Representing Defendants Battaglia, Oscar, Jespersen, Bunn, Doaman and DeLoatch*

Hillman, District Judge

    WHEREAS, on February 16, 2022, Plaintiff filed a Complaint against various judges, attorneys, law enforcement, and several supervisors and caseworkers of a State child protection agency. In his Complaint, Plaintiff alleged he sustained damages by reason of the manner in which underlying custody litigation was handled by Defendants. (ECF No. 1); and

WHEREAS, since that time, Plaintiff has amended his Complaint twice. (ECF Nos. 44, 72); and

WHEREAS, Plaintiff's current/Third Amended Complaint raises numerous claims against Division of Child Protection and Permanency[1] employees Battaglia, Oscar, Jespersen, Bunn, Doaman and DeLoatch (DCP&P Defendants), including 14th Amendment Due Process, Equal Protection and Supervisory Liability claims brought under 42 U.S.C. § 1983, and a Civil Conspiracy claim under State law; and

WHEREAS, Plaintiff's Third Amended Complaint alleges, inter alia, that Defendant Battaglia: falsely indicated on records that the child's mother never hit him; never referred the child for an expert examination; failed to protect the child from further injury; and misrepresented the child's injuries and Plaintiff's motives on Advocate phone records. (ECF No. 72, ¶¶ 7(b)-(d),(f); 77); and

WHEREAS, Plaintiff's Complaint further alleges "Defendant Lauren K. Bunn is culpable in the issue since Ms. Bunn was the overseeing supervisor of CW (Case Worker) Battaglia." (ECF No. 72, ¶¶ 7(g), 77); and

---

[1] Although Plaintiff lodges various allegations against the agency itself (ECF No, 72, ¶¶ 6, 90, 92, 125), he fails to name DCP&P as a party in his Third Amended Complaint.

WHEREAS, Plaintiff's Complaint further alleges Defendant Craig Jespersen and his supervisor, Defendant Keith DeLoatch improperly closed the case, finding the child was no longer in need of DCP&P's services.  (ECF No. 72, ¶¶ 9, 95, 99); and

WHEREAS, Plaintiff's Complaint further alleges liability against Defendant Michelle Doaman in her capacity as Defendant Kayla Oscar's supervisor at DCP&P, for violating Plaintiff's due process rights by concealing the N.J. CARES Diagnostic Assessment and thereby tampering with evidence. (ECF No. 72, ¶¶ 18, 84, 93-94); and

WHEREAS, DCP&P Defendants have filed a Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 78) pursuant to Federal Rule of Civil Procedure 12(b)(1),(6); and

WHEREAS, in response, Plaintiff has filed a "Motion in Reply to the Defendants [sic] Crossmotion [sic]" (ECF No. 83); in which he primarily argues he is not seeking to overturn the custody decision but instead, is suing because Defendants did not comply with applicable laws and procedures throughout the underlying investigations and proceedings.  As a result, Plaintiff argues both he and his son suffered constitutional harm.  (ECF No.83-1);[2] and

---

[2]  Plaintiff specifically states he is responding to the instant motion "also on behalf of and in support of his son M.M."  (ECF No. 72 at 2.)  As a pro se litigant, Plaintiff may not represent the interests of his minor son.  See Osei-Afriyie v. Medical

WHEREAS, DCP&P Defendants raise numerous grounds in support of their motion, yet one renders the others moot: Eleventh Amendment immunity; and

WHEREAS, this Court recognizes:

> Section 1983 imposes liability on "[e]very person, who, acting under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects a person to a deprivation of certain rights. 42 U.S.C. § 1983 (emphasis added). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Hafer v. Melo, 502 U.S. 21, 26, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991) (quoting Will, 491 U.S. at 71, 109 S. Ct. at 2312). An action against a State agent in that agent's official capacity is considered an action against the State itself, not one against a "person." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3104, 87 L. Ed. 2d 114 (1985).

Rashduni v. Melchionne, Civ. No. 15-8907, 2016 U.S. Dist. LEXIS 97548, at *5 (D.N.J. July 26, 2016)(emphasis added); and

WHEREAS, DCP&P Defendants are being sued for conduct that allegedly occurred while performing their duties as employees of the DCP&P; and

WHEREAS, Plaintiff's Third Amended Complaint does not specify that any Defendants are being sued in their individual capacities, nor may such a conclusion be inferred from the allegations; and

---

College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991)(holding as a general proposition that a non-lawyer appearing pro se is not entitled to play the role of attorney for his children in federal court).

4

WHEREAS, "claims against the defendants in their official capacities, which are in essence claims against the [State], are barred by Eleventh Amendment immunity." Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2023); and

WHEREAS, the Third Circuit has previously held that caseworkers employed by a state child services agency "are entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings. Their immunity is broad enough to include the formulation and presentation of recommendations to the court in the course of such proceedings." Ernst v. Child & Youth Servs. of Chester Cnty., 108 F.3d 486, 495 (3d Cir. 1997); see also Melendez-Spencer v. Shack, 747 F. App'x 910, 913 (3d Cir. 2018)("[A]bsolute immunity for child welfare employees is appropriate when the employee in question formulat[es] and present[s] . . . recommendations to the court with respect to a child's custody determination, even if those recommendations are made outside the context of a dependency proceeding.") (cleaned up); Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) ("We have provided social workers absolute immunity for actions involving the initiation and prosecution of child custody or dependency proceedings."); and

WHEREAS, DCP&P supervisors are similarly protected by the Eleventh Amendment. Love v. N.J. Div. of Youth & Family Servs.,

5

Civil Action No. 07-3661, 2010 U.S. Dist. LEXIS 73977, at *6 (D.N.J. July 22, 2010); and

WHEREAS, because Eleventh Amendment immunity bars Plaintiff's federal claims, this Court, in the absence of federal question jurisdiction pursuant to 28 U.S.C. § 1331, will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim against DCP&P Defendants (Civil Conspiracy) under 28 U.S.C. § 1367.

THEREFORE, having considered DCP&P Defendants' Motion to Dismiss (ECF No. 78), supporting materials, and for good cause and the reasons set forth above,

**IT IS** on this 4th day of October 2023,

**ORDERED** that Defendants' Motion (ECF No. 78) be, and the same hereby is, **GRANTED** in its entirety.  Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** and this Court declines to exercise supplemental jurisdiction over Plaintiff's State laew claims, which are hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that a copy of this Order be sent to Plaintiff by regular mail to his address on the Docket.

At Camden, New Jersey            /s/ Noel L. Hillman
                                 Noel L. Hillman, U.S.D.J.