**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DAVID L. MURRAY

       *Plaintiff*,

       v.

MICHAEL R. OSTROWSKI, et al.

       *Defendants*.

Civil No. 22-812 (NLH/AMD)

**Opinion**

<u>**APPEARANCES**</u>:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

    *Plaintiff appearing Pro Se*

David A. Avedissian, Esq.
135 E. Kings Highway
Haddonfield, NJ 08033

    *Representing Defendant Nussey*

<u>**HILLMAN**</u>, **District Judge**

    This matter involves allegations of damages sustained by Plaintiff as a result of the manner in which underlying custody litigation was handled by various judges, attorneys, law enforcement, and employees of a State child protection agency. Currently pending before the court is Defendant David Nussey's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 92). For the reasons that follow, the Motion will be granted.

**BACKGROUND**

This Court takes its facts from Plaintiff's Third Amended Complaint (ECF No. 72), as well as exhibits attached to Defendant Nussey's Motion to Dismiss (ECF No. 92), and Plaintiff's Opposition (ECF No. 103), where those exhibits containing additional facts appear to be matters of public record.[1]

The action's underlying facts concern prior child custody proceedings in the Superior Court of New Jersey, Chancery and Appellate Divisions.  Plaintiff avers these proceedings present actionable claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, as well as a State law claim for Intentional Infliction of Emotional Distress against Defendant Ostrowski.

Defendant David Ryan Nussey was opposing counsel in the underlying custody matter.  (3rd Am. Compl. ¶ 1.)  Plaintiff's Complaint alleges Co-Defendant Judge Michael Ostrowski allowed Defendant Nussey an opportunity to review New Jersey Department

---

[1] To the extent Plaintiff relies upon court transcripts in support of the claims contained in his Third Amended Complaint, this Court may consider them without having to convert the instant motion into one for summary judgment.  See Ojo v. Luong, Civil Action No. 14-4347, 2016 U.S. Dist. LEXIS 45830, at *12 (D.N.J. April 5, 2016) (concluding "court transcripts which have a bearing on the controversy at issue are one such type of document which may be considered without converting a motion to dismiss into one for summary judgment.") (citing Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)).

of Permanency and Protection (DCP&P) records ex parte, while Plaintiff's counsel was denied the same opportunity.  (3rd Am. Compl. ¶¶ 3(c), 49.)[2]  Plaintiff further alleges Defendant Nussey "made numerous misrepresentations in violation of RPC 3.4(b)-Fairness to Opposing Party, RPC 8.4-Misconduct (a)(b)(c)(d)(e) and (f)."  (3rd Am. Compl. ¶ 4.)  Specifically, Plaintiff claims the misrepresentations occurred with regard to:

> a.  DCP&P case closings,
>
> b.  the Complaints transferring the child [to] the other parent's custody,
>
> c.  ex-parte communications of notice conspiratorial with the Court regarding notice of Plenary,
>
> d.  medical records including abuse evaluations that aided the Court in violation of the Plaintiff's 14th Amendment Due Process rights, to parent the Plaintiff's child.

(3rd Am. Compl. ¶ 4 (a)-(d)); see also 3rd Am. Compl. ¶ 41 (alleging Defendant Nussey violated Plaintiff's 14th Amendment Due Process rights "by communicating a Plenary Hearing Notice apart from the record ex-parte."); ¶¶ 47-48 (alleging Defendants Ostrowski and Nussey had ex parte communications and "conspired an illegal communication of a plenary notice.").

---

[2] During a continuation of the hearing on January 31, 2020, Plaintiff's counsel referenced the fact that he possessed the DCP&P file and findings, and the court reiterated that the DCP&P file had "been open for inspection for the parties and the attorneys[.]".  Hrg. Tr. 62, 85 Jan. 31, 2020.

## DISCUSSION

### I.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

### II.   Standard of Review

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the Complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted).

To determine the sufficiency of a complaint, a court must take three steps:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Third, whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). (alterations, quotations, and other citations omitted).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. To that end, "judicial proceedings constitute public records and [ ] courts may take judicial notice of another court's opinions." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (citing Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999)). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

III. <u>Analysis</u>

As a preliminary matter, for purposes of assessing the instant motion as one for dismissal under Rule 12 of the Federal Rules of Civil Procedure, this Court need only consider Plaintiff's Third Amended Complaint in conjunction with matters of public record such as court transcripts, Orders and judicial decisions referenced by the parties.  Accordingly, conversion of this motion to one for summary judgment under Fed. R. Civ. P. 56 is not necessary.  See <u>In re Amarin Corp. PLC Sec. Litig</u>., Case No. 3:19-cv-06601, 2021 U.S. Dist. LEXIS 59840, at *35 (D.N.J. March 29, 2021) (holding documents and records "'explicitly relied upon in the complaint' will be considered by the Court on the motion to dismiss."  (quoting <u>In re Burlington Coat Factory Sec. Litig</u>., 114 F.3d at 1410, 1426 (3d Cir. 1997)).

**A. Rooker-Feldman**

Although Defendant Nussey does not specifically raise the issue in his motion, this Court must address applicability of the Rooker-Feldman doctrine,[3] as it could potentially affect subject matter jurisdiction in this case.[4]

---

[3] The doctrine is derived from the two Supreme Court cases of <u>Rooker v. Fidelity Trust Co</u>., 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).
[4] Without any citation to the Rooker-Feldman doctrine, Defendant Nussey argues "[t]he Court should take judicial notice of the State Court record which establishes that plaintiff lost his custody dispute and appeal in State Court."  (ECF No. 92 at 6.)

As discussed above, Plaintiff's claims are based on State court custody proceedings.  Plaintiff appealed the Family Division judge's decision to the New Jersey Appellate Court and lost.  S.D. v. D.M., Docket No. A-3010-19, 2021 N.J. Super. Unpub. LEXIS 2496 (N.J. Super. Ct. App. Div. Oct. 15, 2021). Plaintiff now seeks to essentially relitigate the matter before this Court.  He may not do so.

"The Rooker-Feldman doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004).  As the Supreme Court has held, the Rooker-Feldman doctrine . . .

> [I]s confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

To that end, the "Rooker-Feldman doctrine provides that federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court *or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.*" FOCUS v. Allegheny Cnty. Ct. of Common Pleas, 75 F.3d 834, 840

7

(3d Cir. 1996) (internal quotations and citations omitted)(emphasis added).  "A claim is inextricably intertwined with the state court adjudication when 'federal relief can only be predicated upon a conviction that the state court was wrong.'"  Marran, 376 F.3d at 150 (quoting Parkview Assocs. Pshp. v. City of Leb., 225 F.3d 321, 325 (3d Cir. 2000)).

Here, Plaintiff specifically litigated the notice/due process issue before the State appellate court and those arguments were rejected.  S.D. v. D.M., 2021 N.J. Super. Unpub. LEXIS 2496, at *25-27.  The alleged ex parte review of DCP&P records was also addressed and the appellate court determined "counsel for both parties were given access to the Division's records months before the trial occurred and before the Division closed its investigation upon finding the allegations of abuse were 'not established.'"  Id. at *30.  Finally, with respect to the alleged "conspiracy" issue, the same constitutes a constitutional claim that is "inextricably intertwined with the state court's [decision] in a judicial proceeding."  FOCUS, 75 F.3d at 840.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Nussey.

Nevertheless, the court will address the grounds upon which Defendant seeks dismissal.

**B. Rules 8 & 12(b)(1) of the Federal Rules of Civil Procedure**

Defendant Nussey first seeks dismissal for Plaintiff's failure to satisfy Rules 8 and 12(b)(1) of the Federal Rules of Civil Procedure.  As discussed above, "[a]n adequate complaint must be 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ezekwo v. City of Englewood, Civil Action No. 20-480, 2020 U.S. Dist. LEXIS 174768, at *5 (D.N.J. Sept. 10, 2020) (citing Fed. R. Civ. P. 8(a)(2)).  With regard to Rule 12(b)(1), said Rule . . .

> [A]ttacks the right of a plaintiff to be heard in Federal Court. A motion under Rule 12(b)(1) may allege two distinct sorts of jurisdictional defects. The first is a "facial challenge" to the pleader's failure to comply with the pleading obligation set forth in Rule 8(a)(1), Fed. R. Civ. P., meaning that the allegations in the complaint are insufficient to demonstrate federal subject matter jurisdiction as the rule requires. The second type of challenge . . . involves an attack on :the existence of subject matter jurisdiction in fact, quite apart from any pleading." This sort of deficiency may exist despite the formal sufficiency of the Rule 8(a)(1) allegations in the pleading.

Doughty v. United States Postal Serv., 359 F. Supp. 2d 361, 364 (D.N.J. 2005).

Here, Defendant is lodging a facial attack based on Plaintiff's failure to comply with Rule 8.  We begin with the straightforward proposition that Section 1983 is not a source of substantive rights, but rather provides a vehicle for vindicating the violation of other federal rights.  Graham v.

9

Connor, 490 U.S. 386, 393–94 (1989).  Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"  42 U.S.C. § 1983.  Thus, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States."  Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013) (citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000)).  The Court's "'first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to [then] determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"  Morrow, 719 F.3d at 166 (quoting Nicini, 212 F.3d at 806.)

     This Court finds that despite four attempts at drafting an adequate Complaint, Plaintiff's current/Third Amended Complaint fails to contain any short or plain statements that plausibly show he is entitled to relief against Defendant Nussey.  In

fact, other than including the words "conspiracy" and "mispresented" in his purported claims against Defendant Nussey, there are no facts to support any claim that Nussey violated the Constitution or any federal law.

For instance, in Plaintiff's 4th Cause of Action, he alleges conspiracy under 42 U.S.C. § 1983, contending "David Ryan Nussey and the Judge, who was the decision maker, conspired an illegal communication of a plenary notice."  (3rd Am. Compl. ¶ 48.) Plaintiff also raises a constitutionally based conspiracy claim against all named Defendants in the 13th Cause of Action of his Third Amended Complaint (3rd Am. Compl. ¶¶ 108-12) and in his Opposition to the instant Motion, Plaintiff clarifies he is pursuing a conspiracy claim pursuant to 42 U.S.C. § 1985.[5] (ECF No. 103 at 12.)

Although "[l]iability under § 1983 'would attach if a private party conspired with a state actor' . . . the Third Circuit has repeatedly affirmed the dismissal of § 1983 claims alleging conspiracies between a state court judge, an opposing litigant, and the opposing litigant's attorney." Gochin v. Haaz,

---

[5]   Pleadings may not be supplemented or amended via briefing in response to a Motion to Dismiss.  See Janowski v. City of N. Wildwood, 259 F. Supp. 3d 113, 130 (D.N.J. 2017) ("Plaintiff cannot amend or supplement his pleadings through his opposition brief.").  However, in this case, Plaintiff is not entitled to relief on the basis of a conspiracy claim regardless of whether he relies upon § 1985.

Civ. No. 16-5359, 2017 U.S. Dist. LEXIS 199210, at *19, 21 (E.D. Pa. May 10, 2017) (citing Thomas v. Shaw, 632 F. App'x 716, 719-20 (3d Cir. 2015); Scheib v. Buther, 602 F. App'x 67, 68 (3d Cir. 2015); Mikhail v. Kahn, 572 F. App'x at 68, 71-72 (3d Cir. 2014); Coulter v. Ramsden, 510 F. App'x 100, 103 (3d Cir. 2013); Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009); Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006)).

Moreover, with respect to any purported "misrepresentations" Defendant Nussey made to the court, Plaintiff cannot plausibly allege that such conduct, even if true, states a claim pursuant to § 1983 because Nussey was not a state actor.[6]

---

[6] Although Plaintiff labels this claim as one for relief under § 1983, he seeks to have this Court address alleged "misrepresentations" by Defendant Nussey pursuant to the State Rules of Professional Conduct. (3rd Am. Compl. ¶ 4.)  The misrepresentations complained of involved Defendant Nussey's portrayal of the medical records to the State court during custody proceedings.  Putting aside the fact that the transcripts speak for themselves regarding whether this information was "misrepresented," it is presumed the court independently reviewed the evidence prior to issuing its comprehensive ruling.  Beyond that, "state disciplinary codes are not designed to establish standards for civil liability but, rather, to provide standards of professional conduct by which lawyers may be disciplined." Baxt v. Liloia, 155 N.J. 190, 202 (N.J. Sup. Ct. 1998).  Accordingly, an attorney's alleged violation of the Rules of Professional Conduct cannot, "by itself, establish a constitutional violation actionable under Section 1983 or a corresponding state civil rights statute." Stahl v. Twp. of Montclair, Civil Action No. 12-3244, 2013 U.S. Dist. LEXIS 62848, at *9 (D.N.J. May 2, 2013).

To the extent the issue of whether Defendant Nussey and Judge Ostrowski colluded to deny Plaintiff notice of the custody

It is well settled that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  The fatal deficiencies in Plaintiff's Third Amended Complaint are further demonstrated by the fact that Plaintiff's claims against Defendant Nussey are couched in terms of decisions and rulings Defendant Ostrowski issued, which Plaintiff feels improperly benefitted Defendant Nussey as opposing counsel and are purely speculative.

It is well settled that "while pro se pleadings are to be liberally construed, 'pro se litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants.'" Ezekwo v. City of Englewood, Civil Action No: 20-480, 2020 U.S. Dist. LEXIS 174768, at *7 (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)); see also Fleming-Martinez v. New Jersey Div. of Child Prot. & Permanency, Civil No. 20-13098, 2022 U.S. Dist. LEXIS 230356, at *10 (D.N.J. Dec. 22, 2022) ("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief.")

---

hearing, the issue was raised on appeal and was rejected by the New Jersey Appellate Court.  S.D. v. D.M., 2021 N.J. Super. Unpub. LEXIS 2496, at *25-27.

(cleaned up).

As referenced above, this Court takes judicial notice of
the New Jersey Superior Court's prior rulings.  S.D. v. D.M.,
2021 N.J. Super. Unpub. LEXIS 2496; Dorrell v. Murray, Dkt. No.
FD-17-000587-11 (N.J. Super. Ct. Law Div.).  Upon doing so, it
becomes abundantly clear that Plaintiff's claims against
Defendant Nussey are simply not plausible.  Because Plaintiff
has not presented a cognizable federal claim against Defendant
Nussey and diversity is absent, this Court lacks jurisdiction
over Plaintiff's claims against said Defendant.

### C.  Res Judicata

Defendant Nussey next claims the doctrine of res judicata
precludes Plaintiff's claims against him.  (ECF No. 92 at 3.)
Defendant Nussey's brief in support of his motion does not
elaborate on this defense but the doctrine plainly applies here.
As noted, the claims Plaintiff seeks to assert here are the very
same claims and factual contentions that were litigated in the
earlier state court action.  Plaintiff had a full and fair
opportunity to raise them and did.  Having lost on these issues
in state court, he is precluded from raising them here, even if
the matter as a whole is not barred by the Rooker-Feldman
doctrine.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
544 U.S. 280 (2005)(noting that even in cases where Rooker-
Feldman does not bar parallel state and federal proceedings,

once the state matter is disposed of the federal court must under The Full Faith and Credit Act, 28 U. S. C. §1738, "'give the same preclusive effect to a state court judgment as another court of that State would give.'")(citing Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986)).

### D. Amendment

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave." Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

In this case, Plaintiff has had four opportunities to present plausible claims against Defendant Nussey and has failed to do so.  Moreover, Plaintiff does not seek leave to amend in the event the instant motion is granted. Nevertheless, because any further attempt to amend could not cure the deficiencies

that bar his claims and would only cause undue prejudice to Defendant Nussey, leave to amend is not appropriate.

## CONCLUSION

For the reasons set forth above, the court will grant Defendant David Nussey's Motion to Dismiss (ECF No. 92) in its entirety and dismiss Plaintiff's claims with prejudice.

An appropriate Order will accompany this Opinion.


Dated:  10/26/23                    /s/ Noel L. Hillman
Camden, New Jersey                  Noel L. Hillman, U.S.D.J.