**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DAVID L. MURRAY

        *Plaintiff*,

    v.

MICHAEL R. OSTROWSKI, et al.

       *Defendants*.

Civil No. 22-812 (NLH/AMD)

**Memorandum Opinion and Order**

<u>**APPEARANCES**</u>:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

    *Plaintiff appearing Pro Se*

Susan Lynn Skiba, Esq.
New Jersey Office of the Attorney General
25 Market St.
P.O. Box 112
Trenton, NJ 08625

    *Representing Defendant Ryer*

<u>Hillman</u>, District Judge

WHEREAS, on February 16, 2022, Plaintiff filed a Complaint against various judges, attorneys, law enforcement, and several supervisors and caseworkers of a State child protection agency. In his Complaint, Plaintiff alleged he sustained damages by reason of the manner in which underlying custody litigation was handled by Defendants. (ECF No. 1); and

WHEREAS, since that time, Plaintiff has amended his Complaint twice. (ECF Nos. 44, 72); and

WHEREAS, Plaintiff's current/Third Amended Complaint raises two claims against Defendant Edward Ryer in his role as Chief of the Bureau of Intake and Adjudication for the New Jersey State Police: Equal Protection under 42 U.S.C. § 1983 (Count Twelve), and Conspiracy (Count Thirteen);[1] and

WHEREAS, Plaintiff's Third Amended Complaint alleges, inter alia, that Defendant Ryer: (1) "violated the Plaintiff's 14th Amendment right by not providing [ ] equal protection under the law" when he closed an investigation regarding the judges involved in the underlying custody matter after finding "deficiencies" regarding the investigating officer's performance (ECF No. 72 ¶¶ 102-07); and (2) Defendant Ryer conspired with his co-defendants to "cover up child endangerment and not file accurate reports of all of the details surrounding the abuse allegations" (ECF No. 72 ¶ 110); and

WHEREAS, Defendant Ryer has filed a Motion to Dismiss Plaintiff's Third Amended Complaint or for Summary Judgment (ECF No. 111) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56; and

---

[1]   Although the Fourteenth Count of Plaintiff's Third Amended Complaint seeks joint and several liability against all Defendants for Intentional Infliction of Emotional Distress, the facts contained within this Count pertain solely to Defendant Ostrowski.  (ECF No. 72, ¶¶ 113-122.)

WHEREAS, in response, Plaintiff has filed a "Reply Motion To [sic] Defendant Eward [sic] Ryer [Sic] Responsive Pleading" (ECF No. 113), in which he primarily argues Defendant Ryer "should of [sic] came [sic] and protected the Plaintiff and his son from crime is [sic] when the Plaintiff presented the Court Documents being perverted by Judge Michael Ostrowski to the State Police." (ECF No. 113-1 at 6); see also ECF No. 113-1 at 7 ("Defendant Ryer violated the Plaintiff's 14th Amendment Due Process rights, by not implementing an investigation, failing to act as an officer to protect the Plaintiff and his son M.M by prohibiting equal protection under the law from being held."); and

WHEREAS, Defendant Ryer raises numerous grounds in support of his motion, yet one renders the others moot: Eleventh Amendment immunity; and

WHEREAS, Defendant Ryer is being sued for conduct that allegedly occurred while performing his duties as the former Chief of the Bureau of Intake and Adjudication at the New Jersey State Police, said Bureau constituting a Division of the State's Office of Attorney General's Department of Law and Public Safety.[2] (ECF No. 72, ¶ 102; ECF No. 113-2, Ex. A); and

---

[2] Plaintiff's Third Amended Complaint does not specify that Defendant Ryer is being sued in his individual capacity, nor may such an inference be drawn from the allegations.

WHEREAS, this Court recognizes:

> Section 1983 imposes liability on "[e]very person, who, acting under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects a person to a deprivation of certain rights. 42 U.S.C. § 1983 (emphasis added). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Hafer v. Melo, 502 U.S. 21, 26, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991) (quoting Will, 491 U.S. at 71, 109 S. Ct. at 2312). An action against a State agent in that agent's official capacity is considered an action against the State itself, not one against a "person." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3104, 87 L. Ed. 2d 114 (1985).

Rashduni v. Melchionne, Civ. No. 15-8907, 2016 U.S. Dist. LEXIS 97548, at *5 (D.N.J. July 26, 2016)(emphasis added); and

WHEREAS, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State . . . The Eleventh Amendment bars such suits unless the State has waived its immunity[.]" Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); and

WHEREAS, "[t]he State of New Jersey has not waived immunity from liability under Section 1983." Chavarria v. New Jersey, Civ. No. 2:18-14971, 2019 U.S. Dist. LEXIS 136597, at *9 (D.N.J. Aug. 13, 2019); and

WHEREAS, "Eleventh Amendment immunity protects not only states but also state agencies and departments . . . that are so intertwined with them as to render them 'arms of the state.'"

4

Villarreal v. New Jersey, 803 F. App'x 583, 587 (3d Cir. 2020) (internal quotations and citations omitted); and

WHEREAS, "the State Police and the Department of Law are arms of the state and therefore, sovereign immunity extends to them[.] Similarly, individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity[.]" Franklin Armory, Inc. v. New Jersey, Civil Action No. 19-19323, 2021 U.S. Dist. LEXIS 12031, at *26 (D.N.J. Jan 22, 2021)(citations omitted); and

WHEREAS, "[t]he Office of the Attorney General of New Jersey is likewise entitled to Eleventh Amendment immunity." Noble Christo El v. Atl. City Freeholders Bd. of Comm'rs, Civil No. 22-6281, 2023 U.S. Dist. LEXIS 213000, at *16 (D.N.J. Nov. 30, 2023); and

WHEREAS, although Plaintiff's Third Amended Complaint alleges "Conspiracy" against all Defendants, Plaintiff does not specify whether he is bringing the claim under State or federal law.  In any event, "Eleventh Amendment immunity applies to state law claims as well as federal claims brought in federal court."  Id. at *15; see also Abulkhair v. Office of Atty. Ethics, Civ. No. 2:16-03767, 2017 U.S. Dist. LEXIS 79754, at *15 (D.N.J. May 24, 2017)("The Eleventh Amendment's grant of sovereign immunity applies to state common law causes of action as well[.]").

THEREFORE, having considered Defendant Ryer's Motion to Dismiss (ECF No. 111), supporting materials, and for good cause and the reasons set forth above,

**IT IS** on this 13th day of December 2023,

**ORDERED** that Defendant's Motion (ECF No. 111) be, and the same hereby is, **GRANTED** in its entirety; it is further

**ORDERED** that a copy of this Order be sent to Plaintiff by regular mail to his address on the Docket.


At Camden, New Jersey          /s/ Noel L. Hillman
                               Noel L. Hillman, U.S.D.J.