```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

 DAVID L. MURRAY

         *Plaintiff*,                Civil No. 22-812 (NLH/AMD)

      v.
                                     **Memorandum Opinion and Order**
 MICHAEL R. OSTROWSKI, et al.

         *Defendants*.

**APPEARANCES**:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

    *Plaintiff appearing Pro Se*

Angela Cifelli, Esq.
Office of the Attorney General of New Jersey
25 Market Street
P.O. Box 116
Trenton, NJ 08625

    *Representing Defendants Ostrowski, Accurso and Enright*


Thai Nguyen, Esq.
Office of the Attorney General of New Jersey
Division of Law
25 Market Street
Trenton, NJ 21144

    *Representing Defendants Battaglia, Oscar, Jespersen, Bunn,
    Doaman and DeLoatch*

David A. Avedissian, Esq.
135 E. Kings Highway
Haddonfield, NJ 08033

    *Representing Defendant Nussey*

Susan Lynn Skiba, Esq.
New Jersey Office of the Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625

    *Representing Defendant Ryer*

**Hillman**, **District Judge**

    WHEREAS, Plaintiff has motioned this Court pursuant to Local Civil Rule 5.3 to permit the sealed filing of an interview of his minor son conducted by a New Jersey Superior Court Judge during the course of custody proceedings in the New Jersey Superior Court (ECF No. 105); and

    WHEREAS, Plaintiff seeks to file the judicial interview on the basis that he believes it will support the claims set forth in his Third Amended Federal Complaint (ECF No. 72); and

    WHEREAS, in support of his Motion, Plaintiff has also filed on the public docket a redacted Appendix which consists of two court Orders and an excerpt of a Memorandum of Decision from the underlying custody proceedings, as well as five excerpts from transcripts of those proceedings (ECF No. 105-3); and

    WHEREAS, Plaintiff has also filed under temporary seal, consistent with L.Civ.R. 5.3(c)(4), an unredacted version of the same materials (ECF No. 106); and

    WHEREAS, the only difference between the redacted Appendix (ECF No. 105-3) and the unredacted version (ECF No. 106) is Plaintiff's redaction of the first name of his minor son; and

WHEREAS, the redaction of the name of a minor child is a valid subject of redaction and sealing by virtue of Federal Rule of Civil Procedure 5.2(a); and

WHEREAS, the remainder of the materials are not appropriate for sealing, as they are the "official record of a state-court proceeding" within the meaning of Fed.R.Civ.P. 5.2(b)(3) and are properly filed on the public docket in ECF No. 105-3 with appropriate redactions of the name of Plaintiff's minor child; and

WHEREAS, nonetheless, although Plaintiff possesses a copy of the judicial interview (ECF No. 105-2 at 4), neither Plaintiff's sealing motion with attachments (ECF No. 105) nor the subsequent unredacted Appendix (ECF No. 106) contain a copy of the judicial interview Plaintiff seeks to seal; and

WHEREAS, Plaintiff's motion is procedurally defective as he has failed to file a redacted version of the judicial interview on the public docket and an unredacted version under temporary seal, as required by L.Civ.R. 5.3(c)(4); and

WHEREAS, without access to the contents of the proposed filing, this Court is unable to apply the applicable standards for sealing, see e.g., Fed.R.Civ.P. 5.2(a), L.Civ.R. 5.3; and

WHEREAS, in any event, the court cannot discern on the present record how supplementation of the record with Plaintiff's minor son's judicial interview from custody

3

proceedings in the New Jersey Superior Court would cure the jurisdictional defects which have thus far precluded Plaintiff's claims in this Court;

THEREFORE, having considered Plaintiff's Motion to Seal (ECF No. 105), supporting materials, and for good cause and the reasons set forth above,

**IT IS** on this 18th day of December, 2023,

**ORDERED** that Plaintiff's Motion (ECF No. 105) be, and the same hereby is, **GRANTED** to the extent it seeks a permanent seal of the unredacted Appendix filed at ECF No. 106; and it is further

**ORDERED** that the unredacted Appendix to Plaintiff's Motion to Seal (ECF No. 106) be, and the same hereby is, **SEALED** until further Order of the Court; and it is further

**ORDERED** that Plaintiff's Motion (ECF No. 105), to the extent it seeks to seal a document not yet disclosed to the Court as part of a motion conforming to L.Civ.R. 5.3 be, and the same hereby is, **DENIED** as proceduarly defective; and it is further

**ORDERED** that a copy of this Order be sent to Plaintiff by regular mail to his address on the Docket.

At Camden, New Jersey            /s/  Noel L. Hillman
                                 Noel L. Hillman, U.S.D.J.