UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID L. MURRAY<br><br>    *Plaintiff*,<br><br>v.<br><br>MICHAEL R. OSTROWSKI, et al.<br><br>    *Defendants*. | Civil No. 22-812 (NLH/AMD)<br><br>**Opinion** |

**APPEARANCES**:

David L. Murray
1325 Weymouth Rd.
Vineland, NJ 08360

    *Plaintiff appearing Pro Se*

Angela Cifelli, Esq.
Office of the Attorney General of New Jersey
25 Market Street
P.O. Box 116
Trenton, NJ 08625

    *Representing Defendants Ostrowski, Accurso and Enright*

Thai Nguyen, Esq.
Office Of The Attorney General
Division Of Law
25 Market Street
Trenton, NJ 21144

    *Representing Defendants Battaglia, Oscar, Jespersen, Bunn, Doaman and DeLoatch*

**HILLMAN**, **District Judge**

    This matter involves allegations of damages sustained by Plaintiff as a result of the manner in which underlying custody

litigation was handled by various judges, attorneys, law enforcement, and employees of a State child protection agency. Currently pending before the court is Plaintiff's Motion for Reconsideration of this Court's Orders dismissing various Defendants on the basis of immunity. For reasons that follow, the motion will be denied.

## BACKGROUND

On October 4, 2023 and October 5, 2023, this Court granted Defendants Ostrowski, Accurso and Enright's (Judicial Defendants) and Defendants Battaglia, Oscar, Jespersen, Bunn, Doaman and DeLoatch's (DCP&P Defendants) respective motions to dismiss Plaintiff's Third Amended Complaint on the basis of immunity. (ECF Nos. 120, 121.) On October 16, 2023, Plaintiff appealed this Court's rulings to the Third Circuit Court of Appeals. (ECF No. 122.) Also on October 16, 2023, Plaintiff filed a Motion for Reconsideration with this Court, in which he claims a prior appellate decision from the underlying custody matter was improperly relied upon in the court's rulings and that the court improperly granted immunity to Judicial and DCP&P Defendants. (ECF No. 123.) On November 13, 2023, Judicial and DCP&P Defendants, respectively, filed their Responses to Plaintiff's Motion for Reconsideration. (ECF Nos. 129, 131.) The matter is now ripe for review.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

### II. Standard of Review

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure; rather, they are products of New Jersey Local Rule of Civil Procedure 7.1(i). Rich v. State, 294 F. Supp. 3d 266, 272 (D.N.J. Feb. 6, 2018). Motions for reconsideration may only be granted upon a showing that: (1) there has been an intervening change in controlling law, (2) evidence has become available that was unavailable when the Court entered the relevant order, or (3) reconsideration "is necessary to correct a clear error of law or fact to prevent manifest injustice." Solid Rock Baptist Church v. Murphy, 555 F. Supp. 3d 53, 59-60 (D.N.J. Aug. 16, 2021) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A motion for reconsideration 'may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" VisionSoft Consulting, Inc. v. Cognitus Consulting, LLC, Case No. 3:19-cv-11526, 2020 U.S. Dist. LEXIS 169410, at *2 (D.N.J. Sept. 16, 2020) (citing P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). To that end, "a motion for

3

reconsideration is an 'extremely limited procedural vehicle,'" Champion Labs., Inc. v. Metex Corp., 677 F. Supp. 2d 748, 750 (D.N.J. Jan. 4, 2010) (quoting Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. Sept. 1, 1992)), and is to be granted only when a court's prior decision overlooked a fact or legal issue that may have been determinative. Andreyko v. Sunrise Senior Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. Jan. 24, 2014).  Therefore, mere disagreement with a court's decision is insufficient. Rich, 294 F. Supp. 3d at 273.

When alleging a clear error of law or fact as Plaintiff is doing in this case, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" Mitchell v. Twp. of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 77-78 (D.N.J. Nov. 28, 2012) (quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. Aug. 24, 2001)).  "[A] court commits clear error of law only if the record cannot support the findings that led to the ruling." VisionSoft at *3.

### III. **Analysis**

Federal Rule of Appellate Procedure 4 provides in pertinent part:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in

4

> whole or in part, when the order disposing of the last such remaining motion is entered.

Fed.R.App.P. 4(a)(4)(B)(i); see also Ojo v. Hudson Cnty. Sav. Bank FSB, No. 21-2840, 2022 U.S. App. LEXIS 27534, at *4 (3d Cir. July 22, 2022) ("Before filing a notice of appeal, Appellants filed a timely motion for reconsideration under Rule 59(e), which tolled the time to appeal and renders the appeal timely as to the underlying dismissal order.") (citing Fed. R. App. P. 4(a)(4)).

Here, Plaintiff's Notice of Appeal, ECF No. 122, was dated October 14, 2023 by Plaintiff and was entered on the docket by the Clerk of Court on October 16, 2023. His Motion for Reconsideration, ECF No. 123, was also dated October 14, 2023 by Plaintiff and entered by the Clerk of Court, as the docket number indicates, in sequence after the Notice of Appeal but on the same day (October 16, 2023).[1] Based on the docket alone, it could be argued that this Court was divested of its jurisdiction to consider Plaintiff's Motion for Reconsideration in light of the sequence of the docket entries. See Tucker v. Hewlett Packard, Inc., Civil No. 14-4699, 2020 U.S. Dist. LEXIS 224694, at *2 (Nov. 9, 2020) ("[T]he timely filing of a notice of appeal

---

[1] The Clerk's notes indicate that the motion for reconsideration was filed as of October 16, 2023 by the Clerk on October 19, 2023, after Plaintiff sought help through the Clerk's ECF Help Desk as Plaintiff, acting pro se, is not an approved CM/ECF filer.

5

is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal.").

Here, however, both filings are dated the same day and were filed by the Clerk, in essence, simultaneously. It appears the sequence is a clerical matter beyond Plaintiff's control. It also appears Plaintiff intended to file his Motion for Reconsideration at the same time as his Notice of Appeal, and not after, as they bear the same date. Accordingly, the court will address Plaintiff's Motion for Reconsideration on the merits.[2]

Review of Plaintiff's Motion clearly demonstrates he is simply trying to relitigate both the underlying federal claims and State Court rulings. As referenced above, Plaintiff brings the instant motion on the bases of this Court's alleged commitment of clear error of law and facts by reason of its reliance on a prior State court holding and the court's alleged "nitpicking" regarding the legal distinction between conduct

---

[2] In a letter dated October 14, 2023 that was apparently directed to the Clerk of Court for this District, Plaintiff explained he did not want to lose his right to appeal; therefore he was filing his Notice of Appeal along with his Motion for Reconsideration. (ECF No. 123-1 at 2); see also Gagliardi v. Standish, 431 F. App'x 117, 118, n.2 (3d Cir. 2011) (recognizing a District Court's ruling on motion for reconsideration that was filed simultaneously with a Notice of Appeal).

committed in a state actor's official capacity versus that committed in their individual capacity. (ECF No. 123 at 2-3.)

Regarding Plaintiff's first point, it is well settled that a court may take judicial notice of another court's opinion. Parks v. Twp. of Portage, 385 F. App'x 118, 120 (3d Cir. 2010) ("[T]his Court can, and will, take judicial notice of the publicly available opinions rendered by the state courts in those proceedings, as they provide the relevant background to the present suit.") (citing McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (explaining that the "court may take judicial notice of a prior judicial opinion."); Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, 697 (7th Cir. 1985) ("[T]he official record of the parallel state case is a proper object for judicial notice.")).

To the extent Plaintiff now, after three rounds of amendments to his Complaint, claims the court is "nitpicking" by not concluding the allegations set forth in his Third Amended Complaint constitute claims of individual liability under 42 U.S.C. § 1983, this argument is unavailing. See Estate of Coles v. Zucker, Goldberg & Ackerman, 658 F. App'x 108, 110-11 (3d Cir. 2016) (finding the District Court did not err in "failing to intuit the necessary factual allegations" to conclude a mortgager was a debt collector for purposes of a claim under the Fair Debt Collection Practices Act, recognizing "the complaint

7

does not allege [this], even in a conclusory fashion . . . ") (quoting Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006)); James v. Superior Court of N.J., Civil Action No. 21-16769, 2023 U.S. Dist. LEXIS 125601, at *6 n.4 (D.N.J. July 20, 2023) ("If Plaintiff intended to plead such a claim, it was incumbent on him to say so clearly in his pleadings."); Spanish Sports Network, LLC v. Spanish Football Prods., LLC, Civil No. 20-7354, 2021 U.S. Dist. LEXIS 105140, at *15 n.4 (D.N.J. May 31, 2021)(in assessing ambiguous allegations in Plaintiffs' Complaint for purposes of ruling on a motion to dismiss, court concluded "What should be clear from this digression is that Plaintiffs' theory is not clear. To quote Judge Posner, '[j]udges are not like pigs, hunting for truffles buried in briefs.' We should not have to guess as to which theory Plaintiffs are asserting. Indeed, that is the very essence of *notice* pleading.")(citations omitted)(emphasis in original); Doe v. Sizewise Rentals, LLC, Civil Action No. 09-3409, 2010 U.S. Dist. LEXIS 93270, at *8 (D.N.J. Sept. 7, 2010) ("Neither the Court nor Defendants should be required to sift through a tome of allegations to piece together [] claims.").

    In addition to the foregoing, Plaintiff's Motion for Reconsideration is devoid of any discussion regarding the appropriate legal standard for seeking and obtaining reconsideration, let alone a discussion of the facts or law he

8

believes the court overlooked.  Instead, Plaintiff's Motion does nothing more than, for all intents and purposes, rehash his lack of notice and procedural due process arguments previously presented in briefing regarding his underlying State Court appeal and motions to dismiss in this case.  See <u>Advansix Inc. v. Allianz Global Risks United States Ins. Co.</u>, Civil Action No. 2:21-cv-07962, 2023 U.S. Dist. LEXIS 144062, at *3 (D.N.J. Aug. 17, 2023)("Litigants [] cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon.") (cleaned up)

In view of the foregoing, Plaintiff has not met his heavy burden for obtaining relief via the instant motion.

## **CONCLUSION**

For the reasons set forth above, the court will deny Plaintiff's Motion for Reconsideration (ECF No. 92), as Plaintiff has not made a sufficient showing that the court misapprehended dispositive factual matters or failed to apply controlling decisions of law.

An appropriate Order will accompany this Opinion.


Dated: 12/19/23           /s/ Noel L. Hillman
Camden, New Jersey        Noel L. Hillman, U.S.D.J.